Philip R. Rudd (SBN 014026)
Philip.Rudd@SacksTierney.com
Wesley D. Ray (SBN 026351)
Wesley.Ray@SacksTierney.com
Sierra M. Minder (SBN 035795)
Sierra.Minder@SacksTierney.com
**SACKS TIERNEY P.A.**
4250 N. Drinkwater Blvd., 4th Floor
Scottsdale, AZ 85251-3693
Telephone: 480.425.2600
Facsimile: 480.970.4610
*Attorneys for Debtor*

# IN THE UNITED STATES BANKRUPTCY COURT

# THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>AVENIR MEMORY CARE @ KNOXVILLE LP,<br><br>Debtor. | Chapter 11 Proceedings<br><br>Case No. 2:23-bk-02047-BMW<br><br>**APPLICATION TO EMPLOY REAL ESTATE BROKER; AND DECLARATION OF BROKER** |

Avenir Memory Care @ Knoxville, LP ("Debtor"), debtor and debtor-in-possession in the above-captioned case, hereby requests that the Court enter its Order authorizing the Debtor to employ a real estate broker, on behalf of the Debtor's bankruptcy estate, to market for sale, subject to this Court's subsequent order, the memory care facility owned by the Debtor and located in Tennessee. In support of this application, the Debtor states as follows:

1. The Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code on March 31, 2023 (the "Petition Date").

2. The Debtor is operating as a debtor-in-possession and no trustee has been appointed in this case.

3. No creditor's committee has been formed in this case.

4. The Debtor owns a memory care facility known as Avenir Memory Care located at 901 Concord Rd. in Knoxville, Tennessee (the "Facility").

5. The Facility consists of 56 private, furnished units, a full kitchen, dining areas,

meeting rooms and lounging areas.

6. The Facility provides expert memory care and respite care for individuals living with memory loss.

7. Like many industries, the memory care industry in general, and the Facility specifically, were significantly adversely affected by the global COVID-19 pandemic, and the Debtor's operations and revenues suffered greatly beginning in 2020 and have not yet reached their pre-COVID levels.

8. Prior to the Petition Date, the Debtor and two affiliated entities retained Walker & Dunlop Investment Sales ("Broker") to market and sell the Facility and the memory care facilities owned by the Debtor's two affiliates in Arkansas.

9. The list price for the Facility was $15,500,000.

10. The Facility is encumbered by an asserted first position lien favor of Merchant's Bank of Indiana (the "Bank").

11. The Bank asserts that the Debtor is indebted to it in the principal amount of $13,480,990.33 pursuant to a Promissory Note dated June 27, 2018 in the face amount of $14,030,000 (the "Bank Note").

12. The Debtor disputes the amount asserted to be due to the Bank.

13. Upon information and belief, the Bank asserts a blanket lien in all of the Debtor's assets, including the Facility.

14. The Bank Note has matured and efforts to reach a forbearance agreement with the Bank have not been successful.

15. The Debtor has determined that it is in the best interests of its bankruptcy estate and creditors to market and, subject to Court approval, potentially sell the Facility pursuant to an orderly marketing process, so long as the marketing process yields an appropriate sale price approved by the Debtor.

16. To that end, the Debtor has entered into, subject to this Court's approval, a listing contract with the Broker dated April 21, 2023 ("Listing Contract") providing for the Broker to market and seek purchasers for the potential sale of the Facility. A copy of the

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

Listing Contract is attached hereto as Exhibit "A."

17. Pursuant to the Listing Contract, the Broker will earn a commission of one percent (1%) of the total purchase price if/when the Broker brings a successful buyer and the Facility is sold.

18. The listing with the Broker will be for a period of eight (8) months, subject to renewed application to the Court.

19. The Debtor is informed and believes that the Broker is disinterested, as that term is defined and used in the Bankruptcy Code.

20. The Debtor believes that the employment of the Broker on the terms and conditions provided for in the Listing Contract is reasonable and appropriate and in the best interests of the estate.

21. The Broker has been informed and understands that no sale may be consummated until after appropriate notice is given to all creditors and parties in interest and such sale is approved by the Court.

22. Broker is aware of the provisions of 11 U.S.C. §§ 327 and 330 and has agreed, notwithstanding the terms and conditions of employment herein set forth, that the Bankruptcy Court may allow compensation different from the compensation provided herein, and that payment of any commission is subject to further order of the Court.

Based on the foregoing, the Debtor respectfully requests that this Court enter its Order approving the Debtor's employment of the Broker on behalf of the Debtor's estate pursuant to the terms and conditions of the Listing Contract and subject to the requirements of the Bankruptcy Code.

DATED: April 24, 2023.

**SACKS TIERNEY P.A.**

By: _____
Philip R. Rudd
Wesley D. Ray
Sierra M. Minder
*Attorneys for Debtor*

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

## DECLARATION OF BROKER

I, Richard Lucas, declare:

1. I make this declaration in support of the foregoing *Application to Employ Real Estate Broker; and Declaration of Broker* ("Application").

2. I have read and understand the Application and agree to be bound by its terms.

3. I am an officer of Walker & Dunlop Investment Sales, LLC ("Walker Dunlop").

4. Walker Dunlop has extensive experience in real-estate marketing and sales, particularly with respect to the sale and disposition of age-restricted apartments, independent living facilities, memory care facilities, and active adult communities throughout the country.

5. Other than a pre-petition agreement with the Debtor and certain of its affiliates regarding the marketing and sale of their respective memory care facilities, Walker Dunlop does not hold any interest in or connections to the Debtor, the Debtor's bankruptcy estate, the Debtor's creditors, or any other party-in-interest, their respective attorneys and accountants, or any person employed in the Office of the United States Trustee.

6. Walker Dunlop is disinterested as that term is defined in 11 U.S.C. § 101(14).

7. Walker Dunlop has not shared or agreed to share compensation in this case with anyone, other than Walker Dunlop's licensees and/or, potentially, third party agents representing a buyer in this transaction, if any.

8. Walker Dunlop has agreed to accept employment on the terms and conditions set forth in the Application and subject to the provisions of 11 U.S.C. §§ 327 and 330.

9. I have been informed and understand that no sale may be consummated until after appropriate notice is given to all creditors and parties in interest and that any sale is subject to approval by the Court.

10. I am aware that the Bankruptcy Court may allow compensation different from the compensation provided herein, and that payment of any commission is subject to further order of the Court.

I declare under penalty of perjury that the foregoing is true and correct.

4

3538746.v1

Richard Lucas
EVP & General Counsel
Walker & Dunlop Investment Sales, LLC

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

3538746.v1

| | |
|---|---|
| **COPY** of the foregoing mailed (or served via electronic notification if indicated by an "*") on April 24, 2023, to: | |
| Edward K. Bernatavicius * <br> Edward.K.Bernatavicius@usdoj.gov <br> OFFICE OF THE U.S. TRUSTEE <br> 230 N. First Ave., Ste. 204 <br> Phoenix, AZ 85003 | Thomas H. Dickenson * <br> tdickenson@hdclaw.com <br> HODGES, DOUGHTY & CARSON, PLLC <br> P.O. Box 869 <br> Knoxville, TN 37901 <br> *Attorneys for Merchants Bank of Indiana* |
| Jeffrey Monberg * <br> Jeff.Monberg@quarles.com <br> QUARLES <br> 300 N. LaSalle Street, Suite 4000 <br> Chicago, IL 60654-3406 | John D. Waller * <br> John.waller@dinsmore.com <br> Andrew Dettmer * <br> Andrew.Dettmer@dinsmore.com <br> Martin Tucker * <br> martin.tucker@dinsmore.com <br> Sara Johnston * <br> Sara.Johnston@dinsmore.com <br> DINSMORE <br> 211 N. Pennsylvania Street <br> One Indiana Square, Suite 1800 <br> Indianapolis, IN 46204 <br> *Attorneys for Merchants Bank of Indiana* |
| Tamalyn E. Lewis* <br> tel@eblawyers.com <br> ENGELMAN BERGER, P.C. <br> 2800 North Central Avenue, Suite 1200, <br> Phoenix, Arizona 85004 <br> *Attorneys for Merchants Bank of Indiana* | |

By: */s/ Cathie Bernales*

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

3538746.v1

# EXHIBIT A



April 21, 2023

David Les Craik
Avenir Senior Living
11648 E. Shea Blvd.
Scottsdale, AZ 85260

Re: Avenir Memory Care at Knoxville – 56 units located at 901 Concord Rd, Knoxville, TN 37934 (the "Property")

Dear Les:

Avenir Memory Care @ Knoxville, LP ("Owner") hereby appoints Walker & Dunlop Investment Sales, LLC ("Agent") as its sole agent and grants to Agent the exclusive right to sell the above-referenced Property on behalf of Owner. Owner represents to Agent that Owner or an affiliate of Owner holds title to the Property and that Owner is duly authorized to enter into this Agreement on behalf of any such affiliate.

Agent's appointment as sole and exclusive selling agent shall be upon the following terms and conditions:

1. This Agreement shall commence on the date the Agreement is executed by Agent (the "Effective Date") and shall continue in full force and effect until the earlier of: (a) eight (8) months from the Effective Date or (b) the closing of a sale of the Property. In the event a written agreement for the purchase and sale of the Property (a "PSA") is entered into during the term, the term will automatically be extended without the need for additional documentation until either the closing of the sale of the Property or until the PSA terminates. The Agreement shall automatically renew for successive thirty (30) day periods unless terminated by either party on thirty (30) days' notice.

2. The initial listing price of the Property shall be $15,500,000. Owner reserves the right to adjust the asking price, modify the marketing plan or withdraw the Property from the market at its discretion throughout the Term of this Agreement.

3. Agent shall prepare marketing materials which must be approved by Owner prior to distribution.

4. During the Term of this Agreement, Owner will refer to Agent all inquiries and offers received by Owner with respect to the Property, regardless of the source thereof. All marketing efforts shall be conducted by Agent at Owner's direction, and subject to Owner's review and approval.

5. In the event that: (i) at any time during the Term of this Agreement, a sale of the Property shall be consummated with any purchaser, including, without limitation, an affiliate of Owner or an existing or former investor in the Property or (ii) at any time up to six-months after the expiration or termination of this Agreement, a sale is consummated with any purchaser who submitted a Confidentiality/Non-Disclosure Agreement during the Term of

Tower Place 200
3348 Peachtree Road NE, Suite 900
Atlanta, Georgia 30326

WalkerDunlop.com

Case 2:23-bk-02047-BMW   Doc 49   Filed 04/24/23   Entered 04/24/23 10:17:59   Desc
Main Document    Page 8 of 16



this Agreement, then, and in either such event, Owner agrees to pay to Agent the commission computed and payable in accordance with the Schedule of Terms attached hereto. To qualify for consideration during the six-month period following termination or expiration of this Agreement, Agent must provide Owner with a written list to be received within fifteen days following termination or expiration of this Agreement, which specifically identifies all parties which submitted Confidentiality/Non-Disclosure Agreements as set forth above.

6. It is expressly understood that Agent shall not be entitled to any commission whatsoever with respect to offers to purchase which, when submitted to Owner for approval pursuant to this Agreement, shall for any reason be rejected by Owner except as set forth on the attached Schedule. Said commission will be deemed earned and payable when, and only if, title passes to a purchaser of the Property except as set forth on the attached Schedule. Owner shall not have any obligation to sue any prospective purchaser, who defaults under the terms of a binding contract of sale, for damages or specific performance. No commission will be deemed earned and payable in the event the Property or any portion thereof is (i) taken by a municipality or other authority in a condemnation or similar proceeding or by deed in lieu thereof or (ii) acquired by a lender under a foreclosure proceeding or other similar process. On the other hand, as used in this Agreement, the term "sale" shall also include an exchange of the Property, and also the granting of any option to purchase the Property. Owner agrees that in the event such an option is granted, Owner shall pay Agent a sales commission upon receipt by the Owner of any such payment. In the event such an option is exercised, whether during the term hereof or after the termination of this Agreement, Owner shall also pay Agent a sales commission for the sale of the Property in accordance with this Agreement. Notwithstanding the foregoing, to the extent that all or any part of the price paid for the option or any extension thereof is applied to the sales price of the Property, then any commission previously paid by Owner to Agent on account of such option payments shall be credited against the commission payable to Agent on account of the exercise of the option

7. Agent agrees that during the Term hereof, it will use its commercially reasonable efforts to secure offers to purchase the Property and, at the direction of Owner, will also solicit the cooperation of other licensed real estate brokers in this effort. If a licensed broker represents a potential purchaser who is not on the Agent's prospective purchasers' list, at Owner's direction, Agent agrees to work with the broker if the broker and their client execute an appropriate Confidentiality Agreement, which also states that the broker's client shall be responsible for any commission due broker. Any compensation due to such broker shall be paid by such broker's client and shall not be an additional cost to Owner. Owner acknowledges that a cooperating broker representing a buyer represents solely the interests of such buyer, regardless of that broker's source of compensation.

8. Owner agrees the Agent may print or publish announcements publicizing the success of a transaction relating to the Property and/or identifying Owner as a client of Agent.

Tower Place 200
3348 Peachtree Road NE, Suite 900
Atlanta, Georgia 30326

WalkerDunlop.com

Case 2:23-bk-02047-BMW   Doc 49   Filed 04/24/23   Entered 04/24/23 10:17:59   Desc
Main Document    Page 9 of 16



9. In the event an agreement to sell the Property shall be consummated with any purchaser, Owner agrees to provide Agent with a fully executed copy of the PSA along with all applicable amendments to the PSA. Agent will not be obligated to seek additional offers to purchase the Property while the Property is subject to a PSA.

10. Owner acknowledges that, to the extent permitted by the laws, rules and regulations of the state where the Property is located, Agent may also represent prospective purchasers and Owner hereby consents to such dual representation, provided that Agent shall advise Owner in writing of any such relationships which it may hold with prospective purchasers.

11. Each party shall indemnify the other and hold it harmless from and against any and all claims for losses by any third party, including but not limited to compensation or commissions (including costs and reasonable attorney's fees) by any and all brokers and finders asserted as a result of the indemnifying party's acts in dealing with such brokers or finders in procuring a purchaser for the Property. The indemnifying party shall have the right to select and employ legal counsel, which shall be reasonably acceptable to the indemnified party, to defend against the indemnified claim or cause of action. The indemnified party will reasonably cooperate with the indemnifying party and its attorneys in connection with the defense. The indemnifying party shall have the sole right to decide, subject to reasonable standards, whether to settle (for only monetary consideration, excluding fines and penalties) or defend against any such claim or cause of action. This paragraph shall survive the termination or expiration of this Agreement.

12. This Agreement shall be binding upon and inure to the benefit of the parties hereto and permitted assigns. This Agreement is not assignable by Agent without Owner's prior written consent.

13. Agent acknowledges that it has no authority to enter into any agreements with a prospective purchaser that would bind Owner or subject Owner to any obligations or liabilities and that no Agreement or terms negotiated shall be binding upon Owner unless and until incorporated into a contract of sale, which has been executed by the purchaser and Owner and unconditionally delivered by Owner to the purchaser, its counsel or agent. Owner reserves the right to conduct all negotiations with prospective purchasers.

14. Agent will periodically advise Owner in writing as to the delivery of any offering materials on the Property to any prospective purchaser. It is the intent of Owner to limit disclosure to seriously interested parties. Agent shall qualify all purchasers through the use of a Confidentiality Agreement attached hereto as **Exhibit A** or a similar form approved in writing by Owner.

15. Agent represents and agrees that, as of the Effective Date, Agent (directly or through one of its employees or agents) is licensed as required so that Agent may perform all the covenants set forth herein required to be performed by Agent and will comply with all applicable laws in the performance of its duties thereunder. Owner and Agent agree that the Property will be offered in compliance with all applicable federal, state and local anti-discrimination laws and regulations.

Tower Place 200
3348 Peachtree Road NE, Suite 900
Atlanta, Georgia 30326

WalkerDunlop.com

Case 2:23-bk-02047-BMW   Doc 49   Filed 04/24/23   Entered 04/24/23 10:17:59   Desc
Main Document    Page 10 of 16



16. Owner and Agent each represent and warrant to one another that each party, their constituents and affiliates: (a) are not, and shall not become, a person or entity with whom the parties are restricted from doing business with under regulations of the Office of Foreign Asset Control ("OFAC") of the Department of the Treasury (including, but not limited to, those named on OFAC's Specially Designated and Blocked Persons list) or under any statute, executive order (including, but not limited to, the September 24, 2001, Executive Order 13224 Blocking Property and Prohibiting Transactions with Persons Who Commit, Threaten to Commit, or Support Terrorism), or other governmental action; and (b) are not knowingly engaged in any dealings or transactions or be otherwise associated with such persons or entities described in clause (a) above.

17. Notwithstanding anything to the contrary herein, at any time Owner may supply Agent with written notice of termination of this Agreement in the event of negligence by Agent in the performance of its responsibilities or breach of its Agreement hereunder.

18. All notices delivered pursuant to this contract shall be in writing and shall be deemed delivered (1) when deposited with the United States Postal Service as registered or certified mail, return receipt requested, bearing adequate postage, (2) when sent by overnight express carrier (e.g., FedEx, UPS) with evidence of receipt of delivery, or (3) when sent via email, and in each case addressed to the addresses (or email addresses) set forth below each party's signature to this contract.

19. This Agreement shall be governed by and construed in accordance with the laws of the State of Maryland, without regard to the principles of conflict of laws thereof, and the Agent and Owner agree to the exclusive jurisdiction of the state and federal courts located in Montgomery County, Maryland and Prince George's County, Maryland, respectively. EACH PARTY HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVES, TO THE FULLEST EXTENT IT MAY LEGALLY AND EFFECTIVELY DO SO, ANY AND ALL RIGHT TO TRIAL BY JURY IN ANY LEGAL PROCEEDING (WHETHER SOUNDING IN CONTRACT, TORT, OR OTHERWISE) ARISING OUT OF, OR RELATED TO, THIS AGREEMENT.

20. In the event that one or more of the provisions contained in this Agreement shall for any reason be determined by a court to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision(s) of this Agreement, but this Agreement shall be construed as if such invalid, illegal or unenforceable provision had never been contained herein. Further, in the event that any provision of this Agreement shall be deemed by both parties invalid, illegal or unenforceable by virtue of its scope or period of time, but may be made enforceable by a limitation thereof, such provision shall be deemed to be amended to the minimum extent necessary to render it valid, legal and enforceable or in the alternative both parties shall negotiate in good faith to substitute for such invalid, illegal, or unenforceable provision a mutually acceptable provision that is consistent with the original intent of the parties.

Tower Place 200
3348 Peachtree Road NE, Suite 900
Atlanta, Georgia 30326

WalkerDunlop.com

Case 2:23-bk-02047-BMW   Doc 49   Filed 04/24/23   Entered 04/24/23 10:17:59   Desc
Main Document    Page 11 of 16



21. This Agreement may be signed in any number of counterparts each of which shall be deemed to be an original and all of which taken together shall constitute one and the same instrument. Counterparts transmitted by electronically shall be deemed to be originals. Furthermore, this Agreement may be electronically signed, and any electronic signatures appearing on this Agreement are the same as handwritten signatures for the purposes of validity, enforceability, and admissibility.

22. The parties hereto acknowledge that this Agreement is subject to the approval of the Bankruptcy Court with jurisdiction over the Owner, and any sale will be subject to the approval by the same.

*(Remainder of page intentionally left blank – signature page follows)*

Tower Place 200
3348 Peachtree Road NE, Suite 900
Atlanta, Georgia 30326

WalkerDunlop.com

Case 2:23-bk-02047-BMW    Doc 49    Filed 04/24/23    Entered 04/24/23 10:17:59    Desc
Main Document    Page 12 of 16



**WALKER & DUNLOP INVESTMENT SALES, LLC**

AGREED THIS 21st DAY OF April, 2023

By: _____
Tony Cassie (Apr 21, 2023 11:22 PDT)
Tony Cassie
Managing Director

By: _____
Telly Fathaly
Managing Director & Broker
License Number: 343727

By: _____
Kris K. Mikkelsen
Executive Vice President
Firm License Number: 263036

Address:

Walker & Dunlop Investment Sales, LLC
7272 Wisconsin Avenue, Suite 1300
Bethesda, MD 20814-6531
Attn:   Rich Lucas, EVP & General Counsel
Email:  rlucas@walkerdunlop.com

*(Owner's signature appears on next page)*

Avenir Memory Care @ Knoxville, LP
By: **AVENIR SENIOR LIVING**
    By: **LES CRAIK**

By: _____

Its: _____DIMBETON_____

Date: _____21/4/23_____

Address:

__11648 E. Shea Blvd_____
__Scottsdale, AZ 85259_____
Attn: _____
Email: _____

Tower Place 200
3348 Peachtree Road NE, Suite 900
Atlanta, Georgia 30326

WalkerDunlop.com

Case 2:23-bk-02047-BMW    Doc 49    Filed 04/24/23    Entered 04/24/23 10:17:59    Desc
Main Document    Page 14 of 16

WALKER & DUNLOP
INVESTMENT SALES

Tower Place 200
3348 Peachtree Road, Suite 900
Atlanta, GA 30326
Phone: 678•992-2000
Fax: 404•264-6310

SCHEDULE OF TERMS OF

AGREEMENT BETWEEN

WALKER & DUNLOP INVESTMENT SALES, LLC

AND

LES CRAIK, AVENIR SENIOR LIVING

1. **Commission Rate**

   The Commission on the sale of the Property shall be calculated as follows:

   One percent (1%) of the gross sales price.

2. **Time of Payment**

   The commission shall be earned, due and payable in full at the time of the transfer of title or a partnership interest to (or other direct or indirect ownership interest in) the Property.

3. **Computation of Sales Price**

   The commission shall be computed in accordance with the above commission rate based upon the total sales price, which shall include any mortgages (without deduction for prepayment or defeasance fees paid by Owner), loans or other obligations of the Owner which may be assumed by the purchaser or which the purchaser takes title "subject to", any purchase money loans or mortgages taken back by the Owner, and the sales price of any fixtures or other personal property sold by separate agreement between the Owner and purchaser as part of the overall sale of the real property.

**WALKER & DUNLOP**
**INVESTMENT SALES**

Tower Place 200
3348 Peachtree Road, Suite 900
Atlanta, GA 30326
Phone: 678•992-2000
Fax: 404•264-6310

EXHIBIT A
PRINCIPAL CONFIDENTIALITY AGREEMENT
AVENIR MEMORY CARE AT KNOXVILLE (THE "PROPERTY")

Walker & Dunlop Investment Sales, LLC ("Broker"), agent for the owner of the Property ("Owner"), is prepared to furnish you with certain information relating to your potential acquisition (Proposed Transaction) of the above referenced Property (the "Property"). All such information obtained from, or by meeting with, Broker, Owner or their respective officers, employees, advisors, attorneys, agents, representatives, affiliates or subagents is herein collectively referred to as the "Information".

As a condition to Broker furnishing any Information to you, you agree that all the Information will be treated as strictly confidential and will not be disclosed by you or your directors, officers, employees, affiliates, agents, advisors, clients, consultants or representatives (collectively, "Representatives") except as specifically permitted by the terms hereof. You agree that you and your Representatives will use the Information solely for the purpose of making an evaluation of the feasibility of the Proposed Transaction. You will not use the Information in any way detrimental to Broker or the Owner.

The term "Information" does not include information which (i) ) is in your possession or that of your Representatives prior to the disclosure thereof or at the time of disclosure by Broker or Owner or becomes generally available to the public other than as a result of a disclosure by you or your Representatives, (ii) was or becomes available to you or your Representatives on a non-confidential basis prior to its disclosure to you by Broker, from a source other than Broker or Owner or their representatives, provided that such source was not itself bound by an obligation of confidentiality owed to Broker or Owner, (iii) is independently developed by you or your Representatives without reference to the information disclosed hereunder; (iv) is required to be disclosed by law or by regulatory or judicial process; or (v) is released from confidential treatment by Owner and Broker.

You further agree that you and your Representatives will not, without obtaining the prior written consent of Broker, directly or indirectly contact or participate in discussions with any person who is a party of the Proposed Transaction. Neither you nor your Representatives will contact the tenants, leasing agents or property management staff of the Property in connection with your review of the Information. Any and all questions related to the evaluation of the Information must be directed solely to Broker, unless otherwise advised by Broker.

Immediately upon the written request of Broker at any time, you will destroy or deliver to Broker all documents and written information constituting Information previously furnished by Broker or its agents to you or your Representatives or Prospects, without retaining any copy thereof; provided, however, that you or your Representative may retain one (1) copy of the Information to the extent required to comply with applicable law, rule, regulation, legal process or your document retention policies, provided such information is protected to the same level you protect your own sensitive information.

Neither Broker nor any other persons disclosing Information to you or your Representatives makes any warranty or representation whatsoever as to the accuracy or completeness of the Information. You agree that neither Broker, Owners, nor any of their respective directors, officers, representatives, agents, attorneys, advisors, affiliates or subagents, shall have any liability to you or any of your Representatives resulting from the use of the Information by you or such Representatives.

Broker reserves the right to negotiate with one or more prospective purchasers at any time and to enter into a definitive agreement with respect to the Proposed Transaction without prior notice to you. Nothing herein shall imply any agreement on the part of Owner to enter into the Proposed Transaction with you or to pay any commissions, finder's fees or other compensation or fees to any person.

Accepting party hereby acknowledges that it is a principal or an investment advisor acting in a fiduciary capacity on behalf of a principal in connection with the possible acquisition of Property. Accepting party shall be responsible for the payment of any brokerage fee, commission or other compensation to any broker (other than Broker and his affiliates), who has introduced them to the Property and further agrees to indemnify and hold harmless Broker, Owner and their respective directors, officers, representatives, agents, attorneys and/or advisors from and against any and all claims made by such broker with respect to the Proposed Transaction. Broker and Owner reserve the right to take any action, whether in or out of the ordinary course of business, which Broker or Owner deems necessary or prudent in connection with the Property.

The Parties to this Agreement agree that pursuant to 18 USC § 1833(b), an individual may not be held criminally or civilly liable under any federal or state trade secret law for disclosure of a trade secret: (i) made in confidence to a government official, either directly or indirectly, or to an attorney, solely for the purpose of reporting or investigating a suspected violation of law; and/or (ii) in a complaint or other document filed in a lawsuit or other proceeding, if such filing is made under seal.

This Agreement shall be governed by and construed in accordance with the laws of the State in which the Property is located. This Agreement shall terminate and be of no further force or effect upon the earliest of (i) one (1) year from the date of your signature below, (ii) the date upon which a sale of the Property is consummated, or (iii) the date upon which the parties enter into a definitive written agreement with respect to the Proposed Transaction.

**All prospective purchasers desiring access to complete sales materials should execute a Confidentiality Agreement and email it to sales@walkerdunlop.com, or fax it to (404) 264-6310. Upon receipt and approval, we will provide you with online access to the underwriting materials.**

_____
Prospective Purchaser/Entity (Print Name)

_____
Street Address

_____
City, State, Zip Code

_____
Email Address
www.walkerdunlop.com

_____
Authorized Signatory for Purchaser Entity (Signature)

_____
Purchaser/Entity (Print Name & Title)

_____    _____
Phone No.                              Fax No.

_____
Web Site

ACKNOWLEDGED AND AGREED ON _____
                                                   Date